# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2020

Lyle W. Cayce
Clerk

No. 20-40043
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Kevin Omar Pacheco-Flores,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-1643-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Kevin Omar Pacheco-Flores pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), and he was sentenced above the advisory guidelines range to 15 months of imprisonment. On appeal, Pacheco-Flores argues that his sentence was substantively unreasonable

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-40043

because the district court gave undue weight to unadjudicated allegations of prior felony offenses described in the presentence report, which he contends lacked sufficient indicia of reliability.  Additionally, he contends that his 15-month sentence was substantively unreasonable because it was more than double the advisory guidelines range of one to seven months of imprisonment, because the Government did not recommend a sentence above the guidelines range, and because he had been previously convicted of only a misdemeanor offense of driving under the influence.

We review the substantive reasonableness of Pacheco-Flores's sentence under a deferential abuse of discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  A non-guidelines sentence will be found substantively unreasonable when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

A presentence report generally bears sufficient indicia of reliability to be considered by the sentencing judge in making factual determinations.  *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).  In such a case, the defendant has the burden of presenting rebuttal evidence to show that the information is "materially untrue, inaccurate or unreliable."  *Id.* (internal quotation marks and citation omitted).  "It is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge" in a determination whether an upward variance under 18 U.S.C. § 3553(a) is warranted.  *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

In light of the details provided in the presentence report about Pacheco-Flores's prior unadjudicated offenses and in light of Pacheco-

2

No. 20-40043

Flores's failure to rebut that information, Pacheco-Flores has not shown that the district court imposed a substantively unreasonable sentence when it deemed the descriptions of the arrests to be reliable or when it gave them weight. *See Harris*, 702 F.3d at 230; *Smith*, 440 F.3d at 708. Additionally, he has not shown that the length of his above-guidelines sentence was substantively unreasonable. *See Lopez-Velasquez*, 526 F.3d at 805-07.

AFFIRMED.